IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: SAMSUNG TOP-LOAD WASHING MACHINE MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION </br></br>THIS DOCUMENT RELATES TO ALL CASES | )</br>)</br>)</br>)</br>)   MDL Case No. 17-ml-2792-D</br>)</br>)</br>)</br>) |

# ORDER

Before the Court is Colleen Kennedy, David Foster and Mitchell Orenstein's (collectively "Proposed Intervenors") Motion to Intervene and Stay Proceedings [Doc. No. 103] and Brief in Support [Doc. No. 103-1]. Defendants have responded [Doc. No. 110] with no opposition to Proposed Intervenors' Motion to Intervene. Defendants have not responded to the Motion to Stay Proceedings.[1] Plaintiffs have responded in opposition only to intervention as of right and to the Motion to Stay Proceedings [Doc. Nos. 111]. Proposed Intervenors have filed a Reply [Doc. No. 114].[2] The matter is fully briefed and at issue.

---

[1] Defendants correctly point out that *Kennedy/Orenstein's* Motion to Stay is procedurally infirm as it does not comply with Local Rule 7.1(c).

[2] The Reply is not in compliance with the Local Rules as it exceeds ten (10) pages in length. *See* LCvR 7.1(i). The Court reminds the parties to familiarize themselves with the Local Rules of this Court. *See Order* [Doc. No. 6] at 6; *Case Management Order* [Doc. 72] at 2, 3.

## FACTUAL AND PROCEDURAL BACKGROUND

Proposed Intervenors, all represented by the same attorney (Bruce Nagel), filed putative class actions on August 7, 2014, and June 15, 2015, in the District of New Jersey against Defendant Samsung Electronics America, Inc. ("SEA").[3] The cases alleged that certain Samsung top-load washing machines contained a drain pump design defect. Philip Oliss, also counsel herein, represents SEA in the *Kennedy/Orenstein* litigation. The cases were assigned to Judge William J. Martini. The relevant procedural history is set forth in this Court's June 14, 2018, Order [Doc. No. 95] directing counsel to notify the Judicial Panel on Multidistrict Litigation ("JPML") regarding *Kennedy/Orenstein* and will not be restated here.[4]

Pursuant to that June 14, 2018, Order the MDL counsel were "to take all appropriate steps to immediately notify the JPML regarding the *Kennedy/Orenstein* cases so that it may consider adding the *Kennedy/Orenstein* class actions as tag-along actions to the MDL." Order [Doc. No. 95] at 7. Defendant Samsung filed a Notice of Potential Tag-Along Actions with the JPML on June 15, 2018. JPML Doc. No. 46. Mr. Oliss signed the Notice.

---

[3] *Kennedy v. Samsung Electronics America, Inc.*, Case No. CIV-14-4987 (D.N.J. 2014); *Orenstein v. Samsung Electronics America, Inc.*, Case No. CIV-15-4054 (D.N.J. 2015).

[4] Also of relevance here, however, is that in early October 2017, counsel for Proposed Intervenors learned of the JPML Transfer Order and, on October 10, 2017, sent an email to Samsung's Counsel stating their concerns as to the effect of the MDL on their cases. Receiving no response, they sent a second email addressing concerns as to the "potential overlap" of the MDL with the *Kennedy/Orenstein* cases. Transcript of Show Cause Hearing at 38, ln 24-25; 39, ln 14-18, *Kennedy v. Samsung Electronics America, Inc.*, Case Nos. 2:14-cv-04987-WJM-MF (May, 2, 2018) (Doc. No. 73).

On the same day, Judge Martini sua sponte stayed the *Kennedy/Orenstein* cases pending the JPML determination as to whether the cases would be added to the MDL. *Kennedy/Orenstein* [Doc. No. 81] at 2.

On June 19, 2018, the JPML issued a Conditional Transfer Order transferring the *Kennedy/Orenstein* cases to the MDL. JPML [Doc. No. 47]. The *Kennedy/Orenstein* plaintiffs filed a Notice of Opposition to Conditional Transfer Order (CTO-2) and Motion to Vacate Conditional Transfer Order on June 26, 2018. JPML [Doc. No. 53] and JPML [Doc. No. 54]. The MDL parties filed timely responses to the Motion to Vacate. JPML [Doc. No. 60] and JPML [Doc. No. 62].

Proposed Intervenors filed a Motion to Intervene and to Stay the Proceedings [Doc. No. 103] in the MDL on July 3, 2018. The MDL Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement [Doc. No. 108] on July 9, 2018. Both Plaintiffs and Defendants filed their responses to Proposed Intervenors' Motion to Intervene on July 18, 2018. Proposed Intervenors filed their Reply [Doc. No. 114] on July 24, 2018.

## DISCUSSION

I. **Motion to Intervene**

Proposed Intervenors have moved to intervene pursuant to Fed. R. Civ. P. 24 (a) as a matter of right or (b) with court permission.

**A. Intervention as of Right**

Intervention is permitted as of right under Fed. R. Civ. P. 24 (a)(2), when the party satisfies the following requirements: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the

applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (quoting *United States v. Albert Inv. Co.,* 585 F.3d 1386, 1391 (10th Cir.2009)); *see also*, *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citing *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996); *see Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (the Tenth Circuit *generally* follows a liberal view in allowing intervention under Rule 24(a) (citing *Nat'l Farm Lines v. ICC,* 564 F.2d 381, 384 (10th Cir.1977)); *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) ("This circuit follows 'a somewhat liberal line in allowing intervention.'") (quoting *Nat'l Farm Lines v. Interstate Commerce Comm'n,* 564 F.2d 381, 384 (10th Cir.1977)). However, this liberal view does not obviate the movant's burden of demonstrating the requirements set forth in Fed. R. Civ. P. 24 (a)(2).

Fed. R. Civ. P. 24 (a)(2) "is not a mechanical rule[,] [i]t requires courts to exercise judgment based on the specific circumstances of the case." *See San Juan County v. United States,* 503 F.3d 1163, 1199 (10th Cir.2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693, 133 S.Ct. 2652, 2659–65 (2013). The party seeking intervention "must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and

4

the potential risk of injury to that interest justify intervention." *Id.; see also Albert Inv. Co.*, 585 F.3d at 1392.

1. **Timeliness**

The Court assesses the timeliness of a motion to intervene "in light of all of the circumstances." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (quoting *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010)). The Tenth Circuit has noted that "three non-exhaustive factors are 'particularly important: (1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants.'" *Id.* (quoting *Tyson*, 619 F.3d at 1232).

Timeliness is intended to be "a guard against prejudicing the original parties by the failure to apply sooner" rather than a means of "retribution to punish the tardy." *Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205). In considering the issue of timeliness, the Tenth Circuit has stated that "[f]ederal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.* (quoting *Sierra Club*, 18 F.3d at 1205).

By their own admission, Proposed Intervenors were aware of the JPML Order creating this MDL and had concerns about the potential overlap of the MDL with their own pending cases in the District of New Jersey in mid-October 2017. Transcript of Show Cause Hearing, at 38, ln 24-25; 39, ln 14-18. On May 2, 2018, Judge Martini held a show case hearing to determine why the *Kennedy/Orenstein* cases had not been referred to the JPML for transfer to this MDL. Proposed Intervenors waited a full nine months after becoming

aware and concerned about the overlap of the MDL with their pending cases and two months after Judge Martini's show cause hearing to file their Motion to Intervene.

However, at the time of learning of the JPML order and the potential overlap with their cases, Proposed Intervenors believed they had negotiated a settlement with Defendant SEA. The Proposed Intervenors filed their Motion to Intervene approximately two weeks after the JPML issued its Consolidated Transfer Order. In addition, neither Defendants nor Plaintiffs in the MDL have expressed any issues of prejudice due to the timing of the Motion to Intervene. Likewise, the Court sees little prejudice, under these circumstances, in the timing of the motion.

Considering the totality of the circumstances, the Court determines the Motion to Intervene is timely.

### 2. Proposed Intervenors' Interest

The interest asserted by a movant for intervention as of right "must be 'direct, substantial, and legally protectable.'" *Clinton*, 255 F.3d at 1251 (quoting *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d Id. 837, 840 (10th Cir. 1996) (internal citations omitted). To be a protectable interest, it must be one that "would be impeded by the disposition of the action." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (internal quotations omitted).

The inquiry as to whether an interest is sufficient under Fed. R. Civ. P. 24(a)(2) is a "highly fact-specific determination." *Zinke*, 877 F.3d at 1165 (quoting *Coal. Arizona/New Mexico*, 100 F.3d at 841. The "interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with

efficiency and due process." *Clinton*, 255 F.3d at 1251–52 (quoting *Coal. of Arizona/New Mexico Counties,* 100 F.3d at 841).

Proposed Intervenors' assert that their protectable interest is preventing a collateral attack of Judge Martini's Enforcement Order which would result in release of their claims in the New Jersey cases and deprive them of certain benefits under the proposed New Jersey settlement. *Brief in Support of Motion to Intervene* at 2, 3, 4. They also state that: (1) settlement of the MDL "may result in the release of [their] claims"; (2) that the MDL "involve[s] overlapping models and serial numbers of top load washers which were manufactured by Samsung"; and, (3) that the MDL encompasses the same drain pump defect at issue in their cases. *Brief in Support of Motion to Intervene and Stay Proceedings*, at 2, 3.

Black's Law Dictionary defines "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal." *Collateral Attack*, Black's Law Dictionary (10th ed. 2014); *see also*, *Wall v. Kholi*, 562 U.S. 545, 552, 131 S. Ct. 1278, 1284 (2011) (quoting *Black's Law Dictionary*, 298 (9th ed.2009)); *Fransen v. Conoco, Inc.*, 64 F.3d 1481, 1487 (10th Cir. 1995) (referring to the Oklahoma statutory definition of "collateral attack": "A collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial.") (quoting *Woods Petroleum Corp. v. Sledge,* 632 P.2d 393, 396 n. 4 (Okla.1981)).

Judge Martini's Enforcement Order was not a final order or judgment. In order for a settlement in a class action to be final, it must be approved by a court pursuant to Fed. R.

Civ. P. 23(e). No hearings were conducted as to the fairness, reasonableness and adequacy of the terms of the *Kennedy/Orenstein* settlement, notice was not provided to all class members as to the proposed settlement, and an objection period was not provided. Judge Martini merely issued an order finding that the parties had reached an agreed settlement. Again, he made no rulings pursuant to Fed. R. Civ. P. 23(e) as to the terms of the settlement. Proposed Intervenors' posited interest in preventing a collateral attack is insufficient for intervention as of right.

While the misapplied doctrine of collateral attack is insufficient interest to intervene, Proposed Intervenors' concerns regarding the possible release of their claims, which are common to the MDL, are sufficient. Such an interest would aid in "disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Clinton*, 255 F.3d at 1251–52. As stated above, the JPML included *Wagner,* a case involving the same alleged drain pump defect as the *Kennedy/Orenstein* cases in this MDL, noting the overlapping interests with the defects alleged in the other underlying cases. Whether Proposed Intervenors may intervene as of right thus rests on the question as to whether those interests would be adequately represented by the existing parties.

### 3. *Kennedy/Orenstein's* Interests Would not be Impaired or Impeded if Denied Intervention; The MDL Plaintiffs Adequately Represent those Interests

As stated, there is no final order or judgment in the *Kennedy/Orenstein* cases to collaterally attack or nullify. Nor have Proposed Intervenors made any assertions that their interests in their claims relating to allegedly defective drain pumps in the Samsung

top-load washers are not adequately represented. The Tenth Circuit stated in *Clinton*, 255 F.3d at 1255, that "a presumption of adequate representation arises when an applicant for intervention and an existing party have the same ultimate objective in the litigation."

Both Proposed Intervenors and the MDL Plaintiffs assert claims arising from allegedly defective drain pumps in Samsung top-load washers. The named plaintiffs in *Wagner*, their counsel, and the MDL Liaison Counsel have the same interest as Proposed Intervenors in prosecuting the claims relating to allegedly defective drain pumps. Therefore, Proposed Intervenors and the MDL Plaintiffs have the "same ultimate objective." The MDL Plaintiffs' representation of that shared ultimate objective would continue if the Motion to Intervene is denied. Moreover, if intervention were denied, Proposed Intervenors would retain the ability to opt out of the settlement, object to the Settlement during the approval process and file individual lawsuits, and appeal any settlement. *Fed R. Civ. P. 23(e)(4) and (5)*; *United States v. Osage Wind, LLC*, 871 F.3d 1078, 1084–85 (10th Cir. 2017) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) ("nonnamed class members ... who have objected in a timely manner to approval of [a] settlement at [a] fairness hearing have the power to bring an appeal without first intervening" in the underlying class action suit.").

For these reasons, the Court determines that Proposed Intervenors' interests are adequately represented by the existing MDL Plaintiffs and that their interests would not be impaired or impeded if denied intervention. Therefore, Proposed Intervenors' Motion to Intervene as of right pursuant to Fed. R. Civ. P. 24(a) is denied.

### B. Permissive Intervention

Fed. R. Civ. P. 24 (b)(1) (B) states that a Court may permit intervention, upon timely motion, where the party "has a claim or defense that shares with the main action a common question of law or fact." However, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24 (b)(3).

None of the existing MDL parties oppose Proposed Intervenors' motion for permissive intervention. *Defendants' Response*, at 1; *Plaintiffs' Response*, at 4. As the Court determined above, the motion is timely and Proposed Intervenors state claims which share common questions of fact relating to the allegedly defective drain pump at issue in the MDL. Because both the *Kennedy/Orenstein* cases and the MDL are in a settlement posture and have common claims and proposed classes, the Court finds there will be no undue delay or prejudice to the existing parties' rights.

For these reasons, the Court grants Proposed Intervenors' motion for permissive intervention pursuant to Fed. R. Civ. P. 24 (b).[5]

---

[5] The Court's ruling on Proposed Intervenors' motion for permissive intervention, based on the unique circumstances presented here, should not be interpreted as:

> suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene. The goals of Rule 23 would be seriously hampered if that were permitted. *See Am. Pipe and Constr. Co. v. Utah,* 414 U.S. 538, 551, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (stating that filing of individual motions to join or to intervene was "precisely the multiplicity of activity which Rule 23 was designed to avoid").

## II. Motion to Stay

It is a well settled principle that a federal "district court has the power to stay proceedings pending before it." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). This power is discretionary and "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–55.

A party seeking to "stay litigation until a separate controversy is concluded 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Apache Tribe of Oklahoma v. Brown*, CIV-10-646-D, 2011 WL 710486, at *2 (W.D. Okla. Feb. 22, 2011) (quoting *Landis,* 299 U.S. at 255); *see also, Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must

*In re Cmty. Bank of N. Virginia,* 418 F.3d 277, 315 (3d Cir. 2005) (determining motion to intervene as a matter of right was timely and remanding with instruction to the District Court to consider the full record regarding collusion) (citing *Am. Pipe and Constr. Co. v. Utah,* 414 U.S. 538, 551, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (stating that filing of individual motions to join or to intervene to protect interests of class members was "precisely the multiplicity of activity which Rule 23 was designed to avoid")).

make a strong showing of necessity because the relief would severely affect the rights of others"). The Tenth Circuit provides the following guidance:

> In assessing the propriety of a stay, a district court should consider: whether the [movants] are likely to prevail in the related proceeding; whether, absent a stay, the [movants] will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers of Am.*, 322 F.3d at 1227 (citing *See Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977)). [6]

---

[6] In their Reply, Proposed Intervenors argue for the first time that a stay is appropriate under the first to file rule. *Reply* at 5-6, 9-11. The Court will not consider this argument as it was not presented in the opening brief. The rule in the Tenth Circuit is clear: "[a]n issue or argument insufficiently raised in a party's opening brief is deemed waived." *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (citing. *Headrick v. Rockwell Int'l Corp.,* 24 F.3d 1272, 1277–78 (10th Cir.1994)); *see also*, LCvR 7.1(i) (noting "[r]eply briefs are optional and not encouraged" and that "[s]upplemental briefs may be filed only upon motion and leave of court").

Proposed Intervenors argue that this rule applies only to appellate briefs. *Reply*, at 5-6. However, this rule is followed by the district courts of the Tenth Circuit. *Goad v. Town of Meeker*, 654 Fed. Appx. 916, 920 (10th Cir. 2016) "even for claims raised in the district court, a party waives a claim if he does not raise it in his opening brief—even if he later raises it in his reply brief."); *see also*, *Silverman v. Prisoner Transp. Servs. of Am., LLC (PTS)*, CIV-15-1093-F, 2016 WL 3355334, at *3 (W.D. Okla. Apr. 26, 2016), *report and recommendation adopted sub nom. Silverman v. Prisoner Transp. Servs. of Am., LLC*, CIV-15-1093-F, 2016 WL 3352199 (W.D. Okla. June 15, 2016) (declining to consider newly raised arguments in a reply brief).

Nonetheless, even if the Court were to consider the argument, it is unpersuasive here. The balance of convenience favors the MDL proceeding, and Judge Martini has already stayed the *Kennedy/Orenstein* cases in favor of potential transfer to the MDL. *See, e.g., Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, (10th Cir. 1999) (unpublished) (quoting *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1164 (10th Cir.1982) ("simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the *merits* of the case.") (emphasis in original); *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 629 (9th Cir. 1991) (noting that "district court judges can, in the exercise of their discretion, dispense with the first-filed

12

The JPML determined that *Wagner*, a case which focused on the drain pump component, should be included in this MDL. [Doc. 1 at 2]. The JPML initially determined that the *Kennedy/Orenstein* cases, with claims involving the same defects alleged in *Wagner*, should be transferred to the MDL. [JPML Doc. 47]. Proposed Intervenors admit that their cases "involve overlapping models and serial numbers of top load washers" and that preliminary approval of the MDL settlement "may result in the release" of their claims. *Brief in Support of Motion to Intervene and Stay Proceedings*, at 2, 3, 4. For these reasons, the Court determines that Proposed Intervenors are not likely to prevail in the JPML proceedings related to their Motion to Vacate the Conditional Transfer Order.

Proposed Intervenors assert that the Court should stay the MDL pending the JPML ruling on the Conditional Transfer Order because the MDL parties have indicated an intent to file a motion for preliminary approval of settlement which will collaterally attack and nullify Judge Martini's Enforcement Order.[7] *Brief in Support of Motion to Intervene and Stay Proceedings*, at 7. In their Reply brief, Proposed Intervenors further argue that: (1) "denying the stay irreparably injures" them; and, (2) denying a stay will render "the proceedings before the JPML a nullity." *Reply*, at 5. Proposed Intervenors do not

---

principle for reasons of equity."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (observing that just because the plaintiff "first filed the action in Illinois does not give it an absolute right to choose the forum in which the question of venue should be decided" and noting that "[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.") (citations omitted).

[7] The MDL Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement [Doc. No. 108] on July 9, 2018, subsequent to Proposed Intervenors' Motion to Intervene.

specifically state how the JPML proceedings would be rendered a nullity by the consideration of a motion for preliminary approval in the MDL.

The Court interprets the misplaced argument regarding collateral attack as concern that Proposed Intervenors' shared claims with the MDL Plaintiffs will be released by an MDL settlement. The Court has granted *Kennedy/Orenstein's* motion for permissive intervention; therefore, they may assert and protect their admitted common interests in the MDL claims directly in the settlement approval proceedings.

Proposed Intervenors make no other reference or attempt to demonstrate any of the factors for considering a motion to stay in their opening brief. The Court finds that Proposed Intervenors will not suffer any "hardship or inequity" by the denial of a stay. Proposed Intervenors' motion for stay pending the outcome of the JPML proceedings is therefore denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Proposed Intervenors' Motion to Intervene and Stay Proceedings [Doc. 103] is GRANTED in part and DENIED in part, as set forth herein.

**IT IS SO ORDERED** this 2nd day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE