# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: SAMSUNG TOP-LOAD WASHING MACHINE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL Case No. 17-ml-2792-D |

## ORDER

This matter comes before the Court on Objector John Douglas Morgan's Motion to Strike Plaintiffs' Untimely Expert Declaration [Doc. No. 191]. Plaintiffs have filed a brief in opposition [Doc. No. 192].

## BACKGROUND

This is a consolidated multidistrict class action lawsuit where Plaintiffs filed suit in various jurisdictions against Defendants and in some cases also against retailers (the "Consolidated MDL Lawsuit"). Plaintiffs alleged that certain Samsung top-load washing machines had experienced detachment of their tops from the washing machine chassis and drain-pump failure during operation. The facts and procedural history of this case have been more thoroughly set out in the Court's recent order, issued following a fairness hearing held on October 7, 2019 [Doc. No. 194].

Prior to that hearing, Objector Morgan filed the Motion to Strike arguing that (1) Plaintiffs' introduction of the valuation of future benefits covered by Ms. Lucy P. Allen's

Declaration [Doc. No. 186, Ex.7] (the "Allen Declaration") is violative of Rule 23(h); or in the alternative, (2) the Allen Declaration is inadmissible under *Daubert*.

I. **The Allen Declaration is consistent with Rule 23(h) as it was filed in response to Morgan's objections.**

Objector Morgan urges the Court to disregard the Allen Declaration when determining the fairness of the settlement and fee requests. Motion at 4. Through the introduction of the Allen Declaration, Objector Morgan argues, class counsel has changed the basis of their motion for final approval, violating the rights of absent class members under Rule 23(h). *Id*. Plaintiffs respond that the Allen Declaration was submitted in response to Morgan's objections. Opposition, Doc. No. 192 at 1. Morgan objected to the proposed settlement by claiming that the warranties are valueless. The Allen Declaration responded with a formal valuation. *Id*. Further, Plaintiffs respond, neither the plain language of the rule nor caselaw lend support to the proposition that the Allen Declaration is improper because it was submitted on reply.

The Federal Rules of Civil Procedure require that any motion for attorneys' fees be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1)–(2). Class members may object to the motion. *Id*. Rule 54(d)(2) governs motions for attorneys' fees and provides that a fee petition must: (1) "specify the judgment and the statute, rule, or other grounds, entitling the movant to the award"; (2) "state the amount sought or provide a fair estimate of it;" and, (3) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iv).

While the Court can locate no Tenth Circuit precedent on point, and the parties cite to none, sister circuits have held that setting the objector deadline before a fee motion is due under Rule 23(h) is an abuse of discretion and an error as a matter of law. *See Redman v. RadioShack Corp.,* 768 F.3d 622, 637 (7th Cir. 2014) ("Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired. That violated [Rule 23(h)]."); *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 994 (9th Cir. 2010) ("In this case . . . class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.").

This was simply not the case, here. Class counsel met the requirements of Rule 23(h). They filed their motion for attorneys' fees nearly eight weeks before the deadline to object. *See* Doc. No. 142. The motion for attorneys' fees disclosed the amount requested. *Id*. at 1. The motion explained and defended the lodestar basis for the request and conceded the Court's broad discretion in evaluating the matter. *Id*. at 11–13. Finally, the motion included data supporting the request, namely, class counsel's hours and rates. *Id*. at 14–20. This is plainly unlike *Mercury* and *Redman*, relied on by Morgan, in that in those cases, class members were furnished with *no* information about what counsel's "work was, how much time it consumed, and whether and how it contributed to the benefit of the class." *Mercury*, 618 F.3d at 994; *see Redman*, 768 F.3d 638. Here, class notice plainly informed the class that the settlement included extended warranty relief and effectively detailed such relief. *See In re Ferrero Litig*., 583 F. App'x 665, 668 (9th Cir.

3

2014) ("This is in stark contrast to *In re Mercury Interactive*, where the motion for attorneys' fees was filed two weeks after the deadline for filing objections to the settlement agreement."). Objectors had eight weeks to respond to class counsel's motion for fees. Morgan, as did others, filed their detailed objections. The Allen Declaration was then submitted to address the value of the warranties, plainly because Morgan—in his objection—placed the value in issue.[1] Objection, Doc. No. 163 at 12. After class counsel replied to Morgan's objection with the Allen Declaration, they did not submit a reimbursement request for Ms. Allen's fee.

All of this followed the requirements of Rule 23(h). To hold otherwise would be to hold that class counsel is barred from substantively replying to objections, necessarily requiring class counsel to anticipate all possible objections in their fee request. There is no precedent, binding or otherwise, that requires the Court to reach such a conclusion.

**II.     The *Daubert* evidentiary standard is not the proper standard to apply when considering the fairness of a class action settlement.**

Objector Morgan also argues that the Allen Declaration should be stricken as it is neither relevant nor reliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S.

---

[1] Morgan, in this case, was offered an opportunity to file a sur-reply, which he declined. *See* Doc. No. 192 at 10. And contrary to Morgan's assertions, the entire class has had an "opportunity to review class counsel's completed fee motion and to submit objections if they so choose." *Allen v. Bedolla,* 787 F.3d 1218, 1226 (9th Cir. 2015). In arguing that failing to exclude the Allen Declaration would result in reversible error, Morgan points to *City of Detroit v. Grinnell Corporation.* 495 F.2d 448, 462 (2d Cir. 1974), *abrogated by Goldberger v. Integrated Res., Inc*., 209 F.3d 43 (2d Cir. 2000). But in *Grinell*, the Second Circuit simply warned against "any rubber stamp approval in favor of an independent evaluation," yet emphasized that a court "must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *Id*.

4

579, 589 (1993). The parties dispute the applicability of *Daubert* in the Court's final fairness evaluation of a class action settlement.

At least at the class certification stage, the degree of scrutiny to which expert testimony should be subjected remains unsettled after *Wal-Mart Stores, Inc., v. Dukes*, where the Supreme Court pointedly suggested that a full "*Daubert*-style evaluation is required." 564 U.S. 338, 354 (2011). Persuasive authority from the courts of appeals explains that where an expert's opinion is critical to class certification—that is, when expert testimony is offered to prove satisfaction of one of Rule 23's certification requirements—a *Daubert*-style inquiry is appropriate. *See, e.g.*, *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) ("We join . . . our sister courts to hold that a plaintiff cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*."); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 614 (8th Cir. 2011) (approving "a focused *Daubert* analysis which scrutinized the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence"); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) ("In its analysis of Costco's motions to strike [expert testimony at the class certification stage], the district court correctly applied the evidentiary standard set forth in *Daubert* "); *Am. Honda Motor Co. v. Allen*, 600 F.3d 813 (7th Cir. 2010) (holding that if an expert's report is critical to class certification, then the district court must rule on any *Daubert* challenge to the expert's qualifications or testimony prior to ruling on class certification).

5

At the fairness hearing stage, the weight of authority from the circuits makes just as clear, however, that district courts have discretion to use "whatever is necessary . . . in reaching an informed, just and reasoned decision." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989); *see, e.g., Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 636 (6th Cir. 2007) ("But no court of appeals, to our knowledge, has demanded that district courts invariably conduct a full evidentiary hearing with live testimony and cross-examination before approving a settlement."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) (rejecting argument that district court should have required an evidentiary hearing prior to ruling on settlement when proponents "submitted voluminous supporting memoranda with citations to affidavits and deposition testimony"); *Edwards v. City of Hous.*, 37 F.3d 1097, 1119 (5th Cir. 1994) ("Neither intervenors nor objectors are entitled to . . . a full-blown trial in lieu of a fairness hearing.").

Morgan's motion to strike the Allen Declaration "overlooks the differences between a full trial and a fairness hearing." *Gen. Motors Corp.*, 497 F.3d at 636. Unlike the expert declarations in *Dukes* and the rest, which were critical to class certification, the Allen Declaration is offered solely to help the Court determine whether the settlement is fair, reasonable, and adequate. At this stage in the proceedings, "the judge does not resolve the parties' factual disputes but merely ensures that the disputes are real and that the settlement fairly and reasonably resolves the parties' differences." *Id*. at 636–37. The Court, in deciding the final approval of a class action settlement, has broad discretion over the evidence it may consider. Further, the Court is not inclined to treat these proceedings as

akin to a full-blown trial on the merits. *See id.*; *see also In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 443 (3d Cir. 2016) ("Moreover, we have never held that district courts considering the fairness of a class action settlement should consider the admissibility of expert evidence under *Daubert*."); *Grinnell*, 495 F.2d at 462 ("[T]he settlement hearing must not be turned into a trial or a rehearsal of the trial.").

## CONCLUSION

For the reasons set forth herein, the Court finds that: (1) the Allen Declaration is consistent with Rule 23(h); and, (2) the *Daubert* evidentiary standard is not the proper standard to apply in connection with matters considered regarding the fairness of a class action settlement.

**IT IS THEREFORE ORDERED** that Objector Morgan's Motion to Strike Plaintiffs' Untimely Expert Declaration [Doc. No. 191] is **DENIED**.

**IT IS SO ORDERED** this 18th day of November, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge